IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **CARMAX AUTO SUPERSTORES, INC.,** | § | |
| | § | |
| Plaintiff, | § | C.A. No. 4:09-cv-00160-MHS-ALM |
| v. | § | |
| | § | |
| **DRIVETIME CAR SALES, INC.,** | § | |
| | § | |
| Defendant. | § | |

**STIPULATION FOR AGREED PERMANENT
INJUNCTION AND JOINT DISMISSAL OF CLAIMS**

WHEREAS plaintiff CarMax Auto Superstores, Inc. ("CarMax") and defendant DriveTime Car Sales, Inc. are both in the business of selling used cars and DT Acceptance Corporation (together with DriveTime Car Sales, Inc., "DriveTime") is in the business of originating retail installment contracts for used cars sold by DriveTime Car Sales, Inc.;

WHEREAS DriveTime operated, for a number of years, a program of paying for the referral of potential customers to DriveTime where those referrals resulted in DriveTime originating an installment contract with those customers (the "Dealer Referral Program");

WHEREAS CarMax has filed the above-captioned action complaining about DriveTime's Dealer Referral Program;

WHEREAS DriveTime denies any and all allegations of wrongdoing, but nevertheless has discontinued and is not currently operating the Dealer Referral Program;

WHEREAS CarMax and DriveTime have agreed to resolve all disputes between them related to the above-captioned litigation on terms including dismissal with prejudice of all claims which were or may have been asserted by CarMax or DriveTime against each other;

WHEREAS both parties agree to entry of an order permanently enjoining DriveTime from conducting the Dealer Referral Program or similar programs with respect to CarMax; and

WHEREAS Carmax and DriveTime have agreed to the terms of a proposed order and judgment as set forth below.

NOW THEREFORE IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES THAT THE COURT BE REQUESTED TO ENTER AN ORDER AS FOLLOWS:

**Order Granting Permanent Injunction**

DriveTime agrees to the following permanent injunction:

1. DriveTime is hereby permanently enjoined from operating any formal or informal program through which DriveTime (1) solicits any CarMax sales consultants for the referral of customers to DriveTime or (2) makes any future payment to any CarMax sales consultants for the referral of customers to DriveTime.

2. DriveTime is hereby further permanently enjoined from operating any formal or informal program through which DriveTime (1) solicits any CarMax sales consultants to provide DriveTime with confidential CarMax customer or other information or (2) makes any future payment to any CarMax sales consultants for confidential CarMax customer or other information.

3. If CarMax believes that any provision of this Order has been violated, it shall bring such potential violation to the attention of DriveTime and allow DriveTime five business days to investigate and respond to any potential violation before seeking enforcement of this Order or liquidated damages.

4. Any violation by DriveTime of this Order granting permanent injunction shall entitle CarMax to liquidated damages of $10,000.00 per violation.  Any claim or dispute arising

under this paragraph shall be brought in this Court and shall be resolved according to the following rules and procedures:  (a) Both parties waive any right they may have to a jury and consent to have the dispute resolved by the Court without a jury; (b) No discovery shall be permitted; (c) The Court shall determine whether a violation has occurred based on the parties' motions and accompanying affidavits, unless the Court in its discretion requests oral argument or an evidentiary hearing; (d) The rules prohibiting the admission of hearsay as substantive evidence shall not apply; and (e) Both parties waive all right to appeal or seek review of the Court's resolution of any claim or dispute under this paragraph.  If any portion of this paragraph is deemed unenforceable, invalid, or unconstitutional, that determination shall not affect the enforceability and validity of the remaining provisions.

5. The Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**Judgment of Dismissal**

6. The above-captioned action is dismissed with prejudice.

7. The parties are to bear their own costs and attorneys' fees.


/s/ *Claudia Wilson Frost with permission by Robert M. Parker*
Claudia Wilson Frost
State Bar No. 21671300
PILLSBURY WINTHROP SHAW PITTMAN LLP
909 Fannin, Suite 2000
Houston, Texas 77010
(713) 276-7600
(713) 276-7673 – Facsimile
Claudia.Frost@pillsburylaw.com

- 4 -

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No.  00787165
Charles Ainsworth
State Bar No. 00783521
Andrew T. Gorham
State Bar No.  24012715
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
903/531-3535
903/533-9687 - Facsimile
E-mail: rmparker@pbatyler.com
E-mail: rcbunt@pbatyler.com
E-mail: charley@pbatyler.com
E-mail: tgorham@pbatyler.com

**ATTORNEY FOR PLAINTIFF,
CARMAX AUTO SUPERSTORES, INC.**


*/s/ Gary C. Crapster with permission by Robert M. Parker*
Gary C. Crapster
Steidley & Neal, P.L.L.C.
CityPlex Towers, Suite 5300
2448 E. 81st Street
Tulsa, OK 74137
(918) 664-4612
(918) 664-4133 – facsimile
gcc@steidley-neal.com

**ATTORNEY FOR DEFENDANT,
DRIVETIME CAR SALES, INC.**

OF COUNSEL:

Peter M. Stone
California State Bar No. 157994
Alexander M.R. Lyon
California State Bar No. 211274
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1117 S. California Avenue
Palo Alto, CA  94304

(650) 320-1800
(650) 320-1900 (facsimile)
peterstone@paulhastings.com

**ATTORNEY FOR DEFENDANT,
DRIVETIME CAR SALES, INC.**

**IT IS SO ORDERED AND ADJUDGED**.